UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

PAUL GOODMAN, individually
and in his capacity as a member of
the Board of Directors as a Director
of Broadcaster, Inc., pursuant to BCL § 720,

                                        Plaintiff,

          -against-


BROADCASTER, INC., MARTIN WADE,
NOLAN QUAN and BLAIR MILLS,

                                        Defendants.

---------------------------------------------------------------X

Case No. 08 CV 2480
(Stanton, J.)


# PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR TRANSFER

Paul Goodman
Plaintiff *Pro Se*
420 Lexington Avenue
Suite 2320
New York, New York 10170
(212) 661-6800

TABLE OF AUTHORITIES

**Cases**                                                                     Page(s)

*Am. S.S. Owners Mut. Prot. and Indem. Ass'n, Inc. v. Lafarge North Am., Inc.,*
    474 F.Supp.2d 474, 484 (S.D.N.Y. 2007)...................................... 6

*D.H. Blair & Co., Inc.,*
    462 F.3d at 106-07............................................................ 3

*Dealtime.com v. McNulty,*
    123 F.Supp.2d 750, 755 (S.D.N.Y. 2000)..................................... 3

*Distefano v. Carozzi North Am., Inc.,*
    No. 98 CV 7137(SJ), 2002 WL 31640476,
    at *4 (E.D.N.Y. 2002)....................................................... 6

*Glass v. S & M NuTec,*
    456 F.Supp.2d 498, 501 (S.D.N.Y. 2006)..................................... 3

*Gross v. British Broadcasting Corp.,*
    386 F.3d 224, 230 (2d Cir. 2004)............................................ 4

*Gulf Oil Corp. v. Gilbert,*
    330 U.S. 501, 508 (1947).................................................... 4

*Hilti Aktiengesellschaft v. Milwaukee Elec. Tool Corp.,*
    No. 04-CV-629 (ARR)(ASC), 2004 WL 1812821, at *4
    (E.D.N.Y. July 19, 2004).................................................... 4

*In re Hanger Orthopedic Group, Inc. Sec. Litig.,*
    418 F.Supp.2d 164, 167-68.(E.D.N.Y. 2006).................................. 3

*Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.,*
    419 F.Supp.2d 395, 402 (S.D.N.Y. 2005)..................................... 4

*O'Hopp v. ContiFinancial Corp.,*
    88 F.Supp.2d 31, 34 (E.D.N.Y. 2000)........................................ 4

**Statutes**

28 U.S.C. § 1404............................................................... 3

New York BCL § 720............................................................. 1, 2, 9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
PAUL GOODMAN, individually
and in his capacity as a member of
the Board of Directors as a Director
of Broadcaster, Inc., pursuant to BCL § 720,

                                                  Plaintiff,

Case No. 08 CV 2480
(Stanton, J.)

       -against-


BROADCASTER, INC., MARTIN WADE,
NOLAN QUAN and BLAIR MILLS,

                                           Defendants.
-------------------------------------------------------------------X


## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR TRANSFER

---

### Introduction

Plaintiff submits this Memorandum in opposition to Defendant Broadcaster's motion to transfer this action to the Central District of California. As will be shown herein, Defendants have failed to meet their burden of demonstrating that this action should be transferred.


### Defendants' Motion for Transfer Should Denied

It is respectfully submitted that Defendants' motion for transfer should be denied in its entirety. As will be shown below, contrary to the Defendants' contentions, transfer would seriously prejudice the Plaintiff's claims and would be against the interest of

justice. Furthermore, it is respectfully submitted that the Defendants' desire to transfer this action, which sounds under New York law pursuant to New York BCL § 720, is nothing more than an attempt to prejudice the *pro se* Plaintiff herein based upon the greater resources of the Defendants, which include a corporate bank account containing millions of dollars, a five million dollar directors and officers insurance policy and counsel with offices in both Los Angeles and New York City.

It is clear that this motion is one more attempt for Defendants to utilize their litigation strategy of "lumping together" this action with the derivative action brought by Baytree Capital Associates, LLC (the "Baytree Derivative Action"). In fact, when reading Defendant Broadcaster's Memorandum, it would be easy to mistake it for a memorandum supporting Defendant Broadcaster's similar motion in the Baytree Derivative Action. Highly evident of this is the joint Memorandum filed by Defendant Broadcaster, which purports to cover all of the related cases and all of the Defendants.

However, the fact remains that the instant action, though based on a similar set of facts, is a separate and distinct law suit from the Baytree Derivative Action. Most significantly, the instant action sounds in New York law, specifically, Business Corporation Law § 720, which permits a director of a corporation to bring an action against officers and other directors to account to the corporation for waste and mismanagement. It is, in fact, not a derivative action as the Defendant attempt to style it, as part of their attempt to blend this case into the Baytree Derivative Action. Thus, unlike the Baytree Derivative Action, the instant action is quite specifically a New York suit.

Further, it is highly questionable why Defendant Broadcaster has assumed the position of lead Defendant in this action. In the event that Plaintiff succeeds in this action at trial, the proceeds of any judgment will be paid to Broadcaster, for the sole benefit of Broadcaster and not the Plaintiff. Thus, Defendant Broadcaster's vigorous lead defense of this action is clearly against the corporation's self interest and yet another demonstration of how the individual Defendants operate Broadcaster, a publicly held company, for their self interest alone.

Section 1404(a) provides that "[f]or the convenience of [the] parties and [the] witnesses, in the interest of justice," the court may transfer this action to "any other district where it might have been brought." 28 U.S.C. § 1404(a). The Second Circuit has summarized some of the factors, among others, that a District Court is to consider in the exercise of its discretion:  (1) the plaintiff's choice of forum, (2) the convenience of the witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties. *D.H. Blair & Co., Inc.*, 462 F.3d at 106-07 (*quoting Albert Fadem Trust v. Duke Energy Corp.*, 214 F.Supp.2d 341, 343 (S.D.N.Y.2002)). Some courts have identified additional factors, including (1) "the forum's familiarity with governing law," and (2) "trial efficiency and the interest of justice, based on the totality of the circumstances." *Glass v. S & M NuTec*, 456 F.Supp.2d 498, 501 (S.D.N.Y.2006); *accord In re Hanger Orthopedic Group, Inc. Sec. Litig.*, 418 F.Supp.2d 164, 167-68.(E.D.N.Y.2006); *see also Dealtime.com v. McNulty*, 123 F.Supp.2d 750, 755 (S.D.N.Y.2000).

3

There is no strict formula for the application of these factors and no single factor is determinative. *See, e.g., Hilti Aktiengesellschaft v. Milwaukee Elec. Tool Corp.*, No. 04-CV-629 (ARR)(ASC), 2004 WL 1812821, at *4 (E.D.N.Y. July 19, 2004); *Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*, 419 F.Supp.2d 395, 402 (S.D.N.Y.2005). Instead, these factors <u>should be applied and weighed in the context of the individualized circumstances of the particular case</u>. The moving party, herein, the Defendants, <u>bear the burden</u> of making a showing that transfer is warranted in light of these factors. *See O'Hopp v. ContiFinancial Corp.*, 88 F.Supp.2d 31, 34 (E.D.N.Y.2000) (*citing Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir.1978)). It is respectfully submitted that the Defendants have failed to meet their burden on any of the factors to be considered by this Court.

(1) <u>Plaintiff's Choice of Forum</u> – A plaintiff's choice of forum is "presumptively entitled to substantial deference." *Gross v. British Broadcasting Corp.*, 386 F.3d 224, 230 (2d Cir. 2004) (*citation omitted*); *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) ("unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed"). Herein, the Plaintiff's choice of forum was New York Supreme Court, New York County. This action was then removed by Defendant Broadcaster to this Court. Plaintiff's choice of forum was a court located within New York County and the Defendants have made no showing which justifies tipping that balance towards them.

(2) <u>The Convenience of the Witnesses</u> – Likewise, the convenience of the witnesses does not weigh in favor of the Defendants. The material witnesses in this action are scattered around the country with just as many outside of California as there

4

are within California.  Notably, the material witnesses in this action are not necessarily

the same as in the Baytree Derivative Action.  Specifically, the following individuals are

the material witnesses in this action.

Plaintiff – a New York resident

Martin Wade – a New Jersey resident

Richard Berman (Broadcaster Director) – a New York resident

Bruce Galloway (Former Chairman of Broadcaster until May, 2007) – a New

York resident

Nolan Quan – a California resident

Blair Mills – a California resident

Ad On Networks – a Arizona company

Investor Relations Group, Inc. – a New York corporation

Other Witnesses – One or more Broadcaster employees—presumably California

residents.

It is important to note that <u>almost all of the non-New York witnesses are</u>

<u>employees of Broadcaster,</u> who are still receiving large salaries from Broadcaster and for

whom testifying at deposition or trial would be within the scope of their duties as

employees.  They are not non-parties who will be inconvenienced.  Therefore, the

convenience of the witnesses factor does not weigh towards the Defendants whose

witnesses are mostly highly paid employees of Broadcaster.

(3) <u>The Location of Relevant Documents and Relative Ease of Access to Those</u>

<u>Sources of Proof</u> – It is admitted that many of the relevant documents are located at

Defendant's Broadcaster's offices in California.  However, <u>most,</u> if not all, of the relevant

documents are in electronic form. Although this factor would seem to weigh towards Defendants, it is not particularly significant given the technological age in which we live, with the widespread use of, among other things, electronic document production. *See, e.g., Am. S.S. Owners Mut. Prot. and Indem. Ass'n, Inc. v. Lafarge North Am., Inc.*, 474 F.Supp.2d 474, 484 (S.D.N.Y.2007) ("The location of relevant documents is largely a neutral factor in today's world of faxing, scanning, and emailing documents."); *Distefano v. Carozzi North Am., Inc.*, No. 98 CV 7137(SJ), 2002 WL 31640476, at *4 (E.D.N.Y. 2002) ("Although the location of relevant documents is entitled to some weight when determining whether a case should be transferred, ... modern photocopying technology deprives this issue of practical or legal weight."). Thus, this factor is neutral.

(4) The Convenience of the Parties – The convenience of the parties weighs heavily in favor of the Plaintiff. The Plaintiff, although an attorney, is a *pro se* litigant, in this action and is not being paid for his services by any party or third party. In fact, this litigation comes at great cost to the Plaintiff who has already spent hundreds of non-reimbursable billable hours investigating the facts which form the basis of this action. It is important to note that this action seeks an accounting from the individual Defendants for the sole benefit of Defendant Broadcaster. It does not seek any damages for Plaintiff and in the event that Plaintiff prevails at trial, the party to solely benefit is Defendant Broadcaster and not the Plaintiff.

In the event that this action is transferred to California, the costs to Plaintiff to maintain this action will multiple several fold, including travel costs to attend hearings and time lost traveling between New York and Los Angeles. Defendants are keenly aware that a transfer would probably result in Plaintiff having to voluntarily dismiss this

the action and it is respectfully submitted that this, and not the convenience of the witnesses, is Defendants' true motivation for the transfer.

On the other hand, Defendants suffer little or none inconvenience if this action is maintained in the Southern District of New York. Defendant Broadcaster is a public company, which despite the individual Defendants misdeeds, still has several million dollars in the bank being devoted to the defense of this action. In addition, the individual Defendants are being indemnified by Defendant Broadcaster and have not and will not spend any of their own money in defending this action. Further, despite Defendant Broadcaster having only marginal business activity, all three Defendants Wade, Quan and Mills remain on its full time payroll at significant salaries of $225,000, $150,000 and $150,000, respectively and all time and expenses they incur in connection with this litigation are reimbursed by Broadcaster. More specifically, Defendant Wade has been paid an amazing $1,499,940 by Broadcaster in salary and bonuses, even though Broadcaster lost over $15,000,000 during the last 18 months alone. This includes bonuses of $415,000 and $160,000 during that 18 month period.

In light of this, it is important to note that even though (a) the Board of Directors of Broadcaster has not voted to indemnify the individual Defendants and (b) no formal demand by the individual Defendants for indemnification has been made upon the corporation, Broadcaster, until the sole control of the individual Defendants, has stepped in not only to pay their defense costs but to literally direct the defense of this action on their behalf. As previously stated, although it has no interest in this action as a party, Defendant Broadcaster is litigating this action in a way that prejudices its rights, in favor of the individual Defendants.

7

Clearly, the individual Defendants would be well capable of litigating this action in New York on their own. However, since Broadcaster is paying their expenses, there is no question that the individual Defendants are not being prejudiced by this action remaining in New York. In addition, Broadcaster maintains a five million dollar Directors and Officers Liability Policy which the individual Defendants are likely to seek indemnification under. Therefore, it is respectfully submitted that the convenience of the parties weighs heavily in favor of the Plaintiff.

(5) The Locus of Operative Facts – Defendant Broadcaster runs a Web site and thus, in actuality, there is no locus of the operative facts. The transactions in question in this action were all or mostly multi-state transaction involving more that one location. In fact, contrary to the assertion made in open Court by Broadcaster's counsel and in direct contradiction to Defendant Wade's sworn affidavit, Broadcaster, in fact, did maintain an office in New York City at which Defendant Wade spent the majority of this time. As stated in Broadcaster's Form 10-K filing for the fiscal year ended June 30, 2007, which was signed by and certified by Defendant Wade:

> Baytree also provides a New York office for us which is used on a regular basis by our Chief Executive Officer, Mr. Martin R. Wade, III.

Thus, at Defendant Broadcaster's own admission, New York County was a primary locus of Broadcaster's business. In fact, Broadcaster conducted a substantial amount of business within New York and specially, New York County. Since the time of my election to the Board in May, 2007, Broadcaster held its annual stockholder meeting in New York County, at least three Board of Directors meeting in New York County. At all three of those meetings Defendant Wade was physically present in New York. In addition, Quan and Mills were physically present in New York, at two of those Board

8

meetings in 2007. Furthermore, Broadcaster conducted extensive investor relations activities in New York and I was personally present at no fewer than three meetings with acquisition candidates in New York conducted by Defendant Wade. It is important to note that prior to Defendant Wade becoming Chairman of Broadcaster in May, 2007, the company's Chairman was Bruce Galloway, a New York based investment banker who conducted extensive activities on behalf of Broadcaster before and after the acquisition of Defendant Quan's company in 2006.

Therefore, this factor is at best, neutral.

(6) The Availability of Process to Compel the Attendance of Unwilling Witnesses – This factor favors neither party since most of the witnesses in this action are party witnesses.

(7) The Relative Means of the Parties – As discussed above, this factor weights heavily in favor of the Plaintiff.

The additional factors of (1) the forum's familiarity with governing law and (2) trial efficiency and the interest of justice, based on the totality of the circumstances, also weigh heavily in favor of the Plaintiff. This action is based upon a New York statute, Business Corporation Law § 720 and thus, a Court located within New York will, by definition, have a much stronger familiarity with the underlying claims in this action than a California court, which, in all likelihood, has never heard an action brought under that statute. Thus, based upon the totality of the circumstances, it is respectfully submitted that transfer would not be appropriate.

<u>The Defamation Action</u>

In furtherance of their attempt to mix all of the cases, issues and parties together, the Defendants make just a single reference in the opening paragraph of their Memorandum to the defamation action that I have also brought against Broadcaster, the three individual defendants herein and a total of 10 other entities and individuals (*Goodman v. Broadcaster, Inc., et al.*, 08 CV 2851) (the "Defamation Action"). However, it is unclear as to whether the Defendants motion actually covers the Defamation Action as well.

A.      <u>The Notice of Motion Covers Only the Instant Action.</u>

It is clear that the Notice of Motion contains <u>only the caption of this action</u> and states that Defendants seek an Order "transferring <u>this</u> action" (emphasis added).  No mention of the Defamation Action is made in the Notice of Motion.  In addition, the Defendants' Memorandum bears only the caption of the instant action and excludes the caption of the Defamation Action.  Further, the Defendants' Memorandum makes just a single parenthetical reference to the Defamation Action in Defendants' Memorandum, which is focused solely on the instant action.  A perusal of Defendants' Memorandum shows that in the Memorandum's "Overview of the Action" section makes no mention of the Defamation Action; in its' "The Parties and the Allegation" section, no mention is made of the Defamation Action; and its' "Argument" section contains no argument or analysis of the facts as they relate to the Defamation Action.

Thus, Defendants have failed to meet their burden with regard to the Defamation Action or even argue it.  Therefore, it is respectfully submitted that it would be improper to extend Defendants' motion to also include the unrelated Defamation Action and, any

10

decision by this Court on the Defendant's motion should be limited solely to the instant action.

B.    The Defamation Action is Unrelated.

Contrary to Defendants innuendo that the Defamation Action is related to the instant action, it is, in fact, not related at all. Although the Defamation Action names several of the individual Defendants herein, as defendants therein, the factual basis is completely different. The Defamation Action alleges that statements made by the non-Broadcaster defendants therein, which were then published by Defendant Broadcaster, constitute defamation *per se*, prima facie tort and several other allegations which sound in New York common law. None of the facts alleged in the instant action form the elements of the causes of action contained in the Defamation Action. In addition, the defendants in the Defamation Action also includes at least five other defendants who are New York residents, who executed the defamatory document or authorized Broadcaster to execute it on their behalf. Thus, any analysis of the factors set forth above would be completely different and weigh even more heavily towards Plaintiff. Defendants' Memorandum fails to mention any of these actions and fails to actually argue that the Defamation Action should be transferred.

Thus, it is respectfully submitted that the Defamation Action is unrelated to the instant action and thus, the Defendants' motion should not be extended to cover the Defamation Action. Alternatively, in the event that the Court should decide that this Defendants' motion does cover the Defamation Action, it is respectfully submitted that it should be denied in its entirety on the basis that Defendants fail to meet their burden as it relates to the Defamation Action.

Conclusion

It is respectfully submitted that the Plaintiff's cross-motion for default should be granted or in the alternative, that the Defendants' motion for transfer be denied in its entirety.

Dated :     New York, New York
            April 7, 2008

                                        Respectfully Submitted,

                                        Paul Goodman

                                        Plaintiff *Pro Se*
                                        420 Lexington Avenue
                                        Suite 2320
                                        New York, New York 10170
                                        (212) 661-6800

12